UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BILLY JOE JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO. 3:14-CV-2049 PS |
| vs. | ) |
| | ) |
| ALAN WEIGAND, *et al.*, | ) |
| | ) |
| Defendants. | ) |

OPINION AND ORDER

Billy Joe Johnson, a *pro se* prisoner, filed a complaint alleging South Bend Police Officers used excessive force against him during an October 29, 2014, arrest. Johnson alleges Officer Alan Weigand was dispatched to a local 7-11 convenience store just after midnight on October 29, 2014. Upon Officer Weigand's arrival, he noticed Johnson walking on a sidewalk in front of the store. Officer Weigand pulled his vehicle over, yelled for Johnson to stop walking, and brandished his weapon. Afraid, Johnson crossed to the other side of street and then stopped, got on his knees and placed his hands in the air. Officer Weigand handcuffed Johnson and had him lie down on his stomach.

K-9 Officer Anthony Dawson then arrived on the scene. Officer Weigand turned Officer Dawson's K-9 unit dog loose and it attacked Johnson. Officer Dawson kicked and punched Johnson while he was handcuffed and lying on the ground. Other officers then arrived on the scene. They, too, kicked, punched and choked Johnson. Johnson has brought suit against Officer Weigand, Officer Dawson, the South Bend Police Department and the City of South Bend.

Pursuant to 28 U.S.C. § 1915A, I must review the merits of this complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Nevertheless, I must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Under the Fourth Amendment, an officer's right to arrest an individual includes the right to use some degree of physical force, but the use of force must be objectively reasonable in light of the totality of the circumstances. *Graham v. Connor*, 490 U.S. 386, 396 (1989). "Determining whether the force used to effect a particular seizure is reasonable under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Id.* (quotation marks and citations omitted). Factors to consider include the severity of the crime at issue, whether the suspect posed an immediate threat to the safety of the officers or others, and whether he was resisting arrest or attempting to evade arrest by flight. *Id.* The "core requirement" for an excessive force claim is that the defendants "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted).

Here, the complaint can be read to allege that Johnson was handcuffed and lying face down on the ground when Officer Weigand directed a police dog to attack Johnson, and Officer Dawson, along with other unnamed officers, assaulted Johnson. Giving Johnson the inferences to which he is entitled at this juncture, he has alleged enough to proceed further against Officers Weigand and Dawson. Further factual development may show the officers acted reasonably under the circumstances, but Johnson has alleged enough at this stage.

Johnson also brings suit against the City of South Bend and the South Bend Police Department. It appears he is trying to hold these entities liable as the police officers' employer. However, there is no general *respondeat superior* liability under 42 U.S.C. § 1983, and the city cannot be held liable simply by virtue of the fact that it employed the officers involved in this incident. *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001). Similarly, Johnson's claim against the South Bend Police Department cannot be maintained either. "[T]he Indiana statutory scheme does not grant municipal police departments the capacity to sue or be sued." *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011). Therefore both the City of South Bend and the South Bend Police Department must be dismissed.

What Johnson has not done is identify or attempt to sue any of the unnamed officers. Because "public employees are responsible for their own misdeeds" *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009), Johnson could bring suit against any of the individual unnamed officers whom he alleges used excessive force against him. Though he has not

3

included their names in this complaint, there is no indication that he is unaware of who was involved in the incident on October 29, 2014. In the event Johnson learns the names of the unnamed officers whom he alleges engaged in the use of excessive force, he can seek leave to amend his complaint and add those individuals as defendants. As a practical matter his case cannot proceed against an unnamed defendant. *See Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) ("[I]t is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff.").

For these reasons, the court:

(1) **GRANTS** the plaintiff leave to proceed against Officer Alan Weingard and Officer Anthony Dawson in their individual capacities for compensatory and punitive damages for using excessive force during his arrest on October 29, 2014, in violation of the Fourth Amendment;

(2) **DISMISSES** all other claims;

(3) **DISMISSES** the City of South Bend and the South Bend Police Department;

(4) **DIRECTS** the clerk to transmit the summons and USM-285 for Officer Alan Weingard and Officer Anthony Dawson to the United States Marshals Service along with a copy of the complaint and this order;

(5) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Officer Alan Weingard and Officer Anthony Dawson; and

(6) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Officer Alan Weingard and

Officer Anthony Dawson respond, as provided for in the Federal Rules of Civil Procedure and N.D. IND. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED**.

ENTERED: February 2, 2015.    s/Philip P. Simon
Philip P. Simon, Chief Judge
United States District Court