UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| BILLY JOE JOHNSON, | ) |
| :-- | :-- |
| Plaintiff, | ) |
| vs. | ) CAUSE NO. 3:14CV2049-PPS |
| ALAN WEIGAND, *et al.*, | ) |
| Defendants. | ) |

*********************************************

| ALAN WEIGAND & ANTHONY DAWSON, | ) |
| :-- | :-- |
| Counter-Plaintiffs, | ) |
| vs. | ) |
| BILLY JOE JOHNSON, | ) |
| Counter-Defendant. | ) |

## OPINION AND ORDER

Billy Joe Johnson, a *pro se* prisoner, is proceeding on a claim that the defendants used excessive force during his arrest on October 29, 2014. The two remaining defendants – South Bend, Indiana police officers – have moved for summary judgment. (DE 39.) Despite being given proper notice of the motion for summary judgment (DE 43) and numerous opportunities to respond, (DE 42, 44), Johnson has not responded to the motion for summary judgment. Pursuant to N.D. IND. LOCAL RULE 7-1(d)(4), a party's failure to file a response within the time prescribed may subject the motion to summary ruling. Nevertheless, this "does not mean that a party's failure to submit a

timely filing automatically results in summary judgment for the opposing party." *Wienco, Inc. v. Katahn Assoc., Inc.*, 965 F.2d 565, 568 (7th Cir. 1992). Rather, I still must make the finding that "given the undisputed facts, summary judgment is proper as a matter of law." *Id.* Because there is no evidence that either of these defendants used excessive force, the motion for summary judgment will be granted.

## Factual Background

Johnson did not respond to the defendants' request for admissions served on March 30, 2016. (See DE 37, 38.) As a result, they became his admissions pursuant to Rule 36(a) of the Federal Rules of Civil Procedure. FED. R. CIV. P. 36(a)(3); *Kalis v. Colgate-Palmolive*, 231 F.3d 1049, 1059 (7th Cir. 2000). Those admissions, along with the other submitted evidence, establish the following undisputed facts.

On October 30, 2014, at approximately 1:52 a.m., South Bend Police Department Officer Alan Wiegand (" Officer Wiegand") observed a person walking in the street who matched the description of a theft suspect. (Wiegand Aff. ¶ 3; DE 40-1.) Officer Wiegand pulled into a nearby parking lot in his marked South Bend Police Department ("SBPD") vehicle and stepped out wearing his uniform. (Id. at ¶ 5.) After stepping out of his vehicle, Officer Wiegand approached the person and identified him as Billy Joe Johnson, the theft suspect. (Id. at ¶ 6.) Johnson recognized Officer Wiegand as a SBPD officer and fled. (Request Nos. 2, 3; DE 37.) Officer Wiegand instructed Johnson to stop, but he continued to flee. (Wiegand Aff. ¶ 7; Request No. 3.) Officer Wiegand called for backup.

2

Officer Dawson arrived, as well as Officer Sanchez with his K-9 dog, and they began searching for Johnson. (Dawson Aff. ¶7, DE 40-2; Wiegand Aff. ¶ 8.) While searching for Johnson, Officer Dawson noticed that a vacant home had been broken into. (Dawson Aff. ¶ 8.) The officers decided to search the vacant home. (Id. at 9.) As the officers went upstairs, Officer Sanchez's K-9 alerted on a closed door. (Dawson Aff. ¶ 10.) To elicit a surrender, Officer Sanchez made an announcement that he had a police K-9 with him. (Id.) Receiving no response, Officer Dawson began to push the door open when he saw a man on the other side. (Id. at ¶ 11.) Officer Dawson yelled for the man to get on the ground but, instead, the man rammed the door back into Officer Dawson. (Id.) Officer Dawson again tried to open the door, but the suspect had locked it. (Id. at ¶ 12.) Officer Dawson kicked the door in and Officer Sanchez's K-9 went in and apprehended the suspect. (Id.) Officer Dawson then took the suspect to the ground and placed him in handcuffs, using only the amount of force necessary to effectuate the arrest. (Id. at ¶ 13.) Neither officer nor the K-9 unit dog harmed Johnson after he was handcuffed. (Request Nos. 8, 9.)

Officer Wiegand positively identified Johnson as the person who had run from him earlier. (Dawson Aff. ¶ 14; Wiegand Aff. ¶ 10.) Wiegand then placed Johnson in the back seat of his police vehicle and placed him under arrest for Theft, Resisting Law Enforcement and Battery Against an Officer. (Dawson Aff. ¶ 14; Wiegand Aff. ¶ 11.)

## Discussion

Summary judgment must be granted when "there is no genuine dispute as to

any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A party opposing summary judgment may not rely on allegations or denials in his or her own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Johnson was granted leave to proceed on his claim that after he was handcuffed and lying on his stomach, Officer Wiegand, Officer Dawson, and the K-9 unit dog all attacked him, causing numerous injuries. Summary judgment "is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008). Johnson has not produced any evidence supporting the allegations that he was granted leave to proceed on. To the contrary, he has since admitted that he was not attacked after being handcuffed. (Request Nos. 8-11.) Thus, summary judgment is appropriate on this claim. Moreover, in examining the entire incident, I do not see anything unreasonable about the amount of force used before, during or after Johnson's arrest.

An officer's right to arrest an individual includes the right to use some degree of physical force, but the Fourth Amendment requires that force to be objectively reasonable in light of the totality of the circumstances. *Graham v. Connor*, 490 U.S. 386, 396 (1989). "Determining whether the force used to effect a particular seizure is reasonable under the Fourth Amendment requires a careful balancing of the nature and

4

quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Id.* (quotation marks and citations omitted). Factors to consider include the severity of the crime at issue, whether the suspect posed an immediate threat to the safety of the officers or others, and whether he was resisting arrest or attempting to evade arrest by flight. *Id.* The court must employ an objective standard, viewing the matter "from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id.* Furthermore, the "calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." *Id.* at 396-97. Thus, "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers," will violate the Fourth Amendment. *Id.* at 396.

Here, based on the undisputed evidentiary record consisting of Johnson's admissions and affidavits from Officers Wiegand and Dawson, the grant of summary judgment on this claim is inevitable. There is no evidence that Johnson suffered a Fourth Amendment violation. At the time of this incident, the officers were faced with an individual who was a suspect in three thefts, fled from police officers, refused their verbal commands to surrender, and then assaulted Officer Dawson in actively resisting efforts to arrest him. Faced with this volatile scenario, the use of a K-9 to apprehend and then momentarily detain Johnson was not objectively unreasonable, and did not

5

constitute excessive force. *Tilson v. City of Elkhart*, 96 Fed. Appx. 413, 416 (7th Cir. 2004) (collecting cases that the use of a K-9 to bite and hold a suspect until officers could apprehend him is not an unconstitutional seizure *per se*). Simply put, there was no more force used than necessary to effectuate the arrest. And, after Johnson was arrested, there is no evidence that any further force was used. Based on these undisputed facts, the defendants' use of force was reasonable under the circumstances.

The only thing that remains is what to do with the state law claims. In their answer, the defendants asserted state-law counterclaims of assault, battery, negligence and negligence *per se.* (DE 9 at 6.) "[T]he general rule is that, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits." *Kennedy v. Schoenberg, Fisher & Newman, Ltd.*, 140 F.3d 716, 727 (7th Cir. 1998). As all of the federal claims have been dismissed, I decline to exercise supplemental jurisdiction over the defendants' state-law counterclaims. 28 U.S.C. § 1367(c)(3); *Cady v. South Suburban College*, 152 Fed. Appx. 531, 534 (7th Cir. 2005); *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999). Accordingly, the defendants' state-law counterclaims will be dismissed without prejudice.

## Conclusion

For these reasons, the court:

(1) **GRANTS** defendants Weigand and Dawson's motion for summary judgment (DE 39);

(2) **DIRECTS** the clerk to enter judgment in favor of all the defendants on the

claims contained in the plaintiff's complaint;

(3) **DISMISSES** defendants Weigand and Dawson's state-law counterclaims without prejudice; and

(4) **DIRECTS** the clerk to close this case.

**SO ORDERED**.

ENTERED: October 7, 2016.

                                                          /s/ Philip P. Simon  
                                                          Chief Judge  
                                                          United States District Court